UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | | Case No. 2:24-cr-82 |
| **MAR-KAELON D. DUFFY-HOWARD,** | : | Chief Judge Sarah D. Morrison |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on Defendant Mar-Kaelon D. Duffy-Howard's Motion for Revocation of Detention Order. (Mot., ECF No. 22.) The Government opposes. (ECF No. 24.) Having considered the evidence *de novo*, the Court **DENIES** the Motion.

### I. BACKGROUND

On May 14, 2024, a federal grand jury returned a two-count indictment charging Mr. Duffy-Howard with felon in possession of a firearm and felon in possession of ammunition. (ECF No. 4.) The same day, the Magistrate Judge issued a warrant for Mr. Duffy-Howard's arrest. (ECF No. 6.)

Over the next five months, Mr. Duffy-Howard was credited with 36 days of time served for state charges resulting from the same events giving rise to the federal indictment. (PSR, PAGEID # 20.) On June 21, 2024, Mr. Duffy-Howard was released on bond for yet another state charge for improperly handling a firearm. (PSR, PAGEID # 20.) Then, during an October 28, 2024 traffic stop, Mr. Duffy-

Howard was in the passenger seat of another individual's vehicle when law enforcement found a firearm in the glove box and a firearm underneath the driver's seat. (ECF No. 24.) Mr. Duffy-Howard was arrested that day on the federal warrant. (*See* October 28, 2024 docket entry.)

On October 30, 2024, the Magistrate Judge held a detention hearing, and reviewed the Pretrial Services Report recommending that Mr. Duffy-Howard be released on his own recognizance, subject to certain enumerated conditions. (PSR, PAGEID # 21.) At that time, the Government proffered the facts giving rise to the charged offenses. In February 2024, Mr. Duffy-Howard was pulled over for speeding. After he finally stopped his vehicle at a gas station, law enforcement saw a firearm magazine on Mr. Duffy-Howard's lap and his four-year old child in the backseat. Mr. Duffy-Howard then fled on foot, abandoning his child in the car.[1] Law enforcement chased and apprehended Mr. Duffy-Howard at gunpoint. Upon returning to the vehicle, law enforcement found a firearm underneath the seat. Mr. Duffy-Howard committed these offenses while on probation. According to the Pretrial Services Report, Mr. Duffy-Howard also had a lengthy criminal history and a pattern of criminal activity while under supervision.

The Magistrate Judge found probable cause to believe that Mr. Duffy-Howard committed an offense that carries a rebuttable presumption of detention. (ECF No.

---

[1] Mr. Duffy-Howard had called his girlfriend before he stopped his vehicle, telling her to come to the scene. While law enforcement pursued Mr. Duffy-Howard, she took the child to a family member's home.

14.) The Magistrate Judge further found that Mr. Duffy-Howard had not rebutted the presumption and ordered him detained pending trial. (*Id.*)

## II.  LEGAL STANDARD

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Upon such motion, the district court reviews a magistrate judge's detention order *de novo. United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (Marbley, J.) (explaining that, although the Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor" *de novo* review of detention orders).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must prove by clear and convincing evidence that detention is warranted. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 752 (1985).

In certain circumstances, the default position does not apply. Rather, if there is a judicial finding of probable cause that the defendant has engaged in certain conduct suggesting a flight risk or danger to the community, then a rebuttable presumption in favor of detention is warranted—*i.e.*, it is rebuttably presumed that no condition or combination of conditions will reasonably assure the defendant's

appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). The rebuttable presumption "imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citations omitted). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *Id*. (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)). To rebut the presumption entirely, a defendant must distinguish his case from "the congressional paradigm" that attached the presumption. *Id*. at 946 (quotation omitted).

As to the government, it bears the burden of persuading the court that the presumption attaches. *Id*. at 945. In other words, that probable cause exists that the defendant committed a crime carrying the presumption of detention. A grand jury indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

### III. ANALYSIS

Mr. Duffy-Howard asks that the Court revoke the Magistrate Judge's order. (Mot.) The Court has evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report, recording of the detention hearing, and all materials and briefing available on the docket. The Court adopts the findings of the Magistrate Judge.

Mr. Duffy-Howard fails to rebut the presumption in favor of detention. Mr. Duffy-Howard offers no new evidence and presents no argument to challenge the Magistrate Judge's findings. (Mot.) On the other hand, the Government argues that Mr. Duffy-Howard's "conduct in Incident 1 and his criminal history, including

repeated failures to appear and arrests while on probation or while on pretrial release indicate that he will not and cannot be trusted to comply with any terms of release." (ECF No. 24.)

There is nothing in Mr. Duffy-Howard's motion that would lead the Court to believe that there are any conditions of release which would reasonably assure both his appearance at future proceedings and the safety of the community. The facts giving rise to the charged offenses (abandoning his child in the car to flee police and committing the offenses while under supervision) and Mr. Duffy-Howard's criminal history lead the Court to the conclusion that his detention is necessary.

## IV. CONCLUSION

Mr. Duffy-Howard's Motion (ECF No. 22) is **DENIED**. The detention order remains in effect.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUGDE**
**UNITED STATES DISTRICT COURT**